United States District Court
Southern District of Texas
**ENTERED**
August 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRENCE REYNARD BELL, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-01363 |
| | § | |
| SUN WEST MORTGAGE COMPANY, INC., | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a Complaint in this Court against Sun West Mortgage Company, Inc. on April 9, 2024.[1] ECF 1. For the reasons explained below, the Court RECOMMENDS that this case be dismissed without prejudice for lack of subject matter jurisdiction or, alternatively, for failure to timely serve.

**I.   Plaintiff's case should be dismissed for lack of subject matter jurisdiction.**

Federal courts are of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

*see* 28 U.S.C. § 1332.  The Court must always construe pleadings filed by pro se litigants liberally.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Pro se Plaintiff filed this case seeking confirmation of a purported arbitration award pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16.  ECF 1 at 1 ("The jurisdiction of this honorable Court is invoked based on the federal questions arising from this case and the applicable statutes governing arbitration awards.").  The FAA, however, does not itself provide federal jurisdiction.  "A federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'"  *Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (citation omitted).  Plaintiff's Complaint contains no factual allegations which demonstrate either federal-question or diversity jurisdiction.  Accordingly, Plaintiff's case should be dismissed for lack of subject matter jurisdiction.

**II.    Plaintiff's case should be dismissed for failure to timely serve.**

Alternatively, and assuming this Court's jurisdiction, Plaintiff's Complaint should be dismissed for failure to timely serve.  Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  On May 29, 2024 the Court issued an Order for Conference

which, among other things, warned that failure to file proof of service within the 90-day period "may result in dismissal by the Court on its own initiative." ECF 7 at 1.

Plaintiff's Complaint was filed on April 9, 2024, therefore his 90-day period expired on July 8, 2024. The docket sheet reflects that Plaintiff has not requested issuance of a summons and the defendant has not appeared in this case. Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to timely serve under Rule 4(m).

### III. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction or for failure to timely serve Defendant under Rule 4(m).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

Signed on August 07, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge